United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BENAVIDEZ, | No. C-13-00158 DMR |
| Plaintiff, | **ORDER IMPOSING SANCTIONS ON PLAINTIFF'S COUNSEL** |
| v. | |
| MICHAEL J. ASTRUE, | |
| Defendant. _____/ | |

    Plaintiff John Benavidez brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by Defendant Michael J. Astrue, Commissioner of the Social Security Administration. According to Civil Local Rule 16-5, Plaintiff's motion for summary judgment was due to be filed by June 3, 2013. Plaintiff did not file a motion or seek a continuance of the deadline to file a motion. On August 5, 2013, the court issued an order to show cause why this action should not be dismissed for failure to prosecute given Plaintiff's failure to file a motion for summary judgment. [Docket No. 17.] The court did not grant Plaintiff leave to file a late motion. Plaintiff's response to the order to show cause was due by August 16, 2013. Instead of responding, Plaintiff filed a motion for summary judgment on August 8, 2013. [Docket No. 18.] On August 22, 2013, the court issued an order to show cause why Plaintiff should not be sanctioned for failure to respond to the court's August 5, 2013 order. [Docket No. 19.] Plaintiff did not respond to the second order to show cause.

On September 3, 2013, the court issued an order setting a hearing regarding sanctions and Plaintiff's failure to prosecute this case on September 18, 2013 at 1:30 p.m. at the U.S. District Court in Oakland. [Docket No. 20.] Plaintiff's counsel did not appear. However, the record shows that on September 5, 2013, Plaintiff's counsel entered into a stipulation to extend Defendant's time for responding to the motion for summary judgment. [Docket No. 22.] Therefore, it does not appear that Plaintiff's counsel's failure to appear at the hearing or to respond to the orders to show cause was due to illness or other unexplained unavailability.

There is no indication that Plaintiff Benavidez has played a part in the repeated violation of court orders. The court is mindful that dismissal of his action for failure to prosecute would greatly prejudice Plaintiff. The court is also aware that Plaintiff's counsel, Tony Arjo, has a recent pattern of similar conduct in other cases he has pending before this Court. *See* C-12-4909-WHA, *Payne v. Astrue*, [Docket Nos. 8, 9]; C-12-5359-MEJ, *Walden v. Astrue*, [Docket Nos. 8, 9]. Therefore, Plaintiff's counsel is **sanctioned $150.00 to be paid to the Court within 10 (ten) business days. These sanctions shall be paid by Mr. Arjo, not Plaintiff Benavidez.** Future failure to respond to court orders may result in the court referring Mr. Arjo to the Court's Standing Committee on Professional Conduct.

IT IS SO ORDERED.

Dated: September 19, 2013



DONNA M. RYU
United States Magistrate Judge